# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Sharon Scheer,

    Plaintiff,

v.

St. Louis County,

    Defendant.

**AMENDED**[1]
**MEMORANDUM OPINION AND ORDER**
Civil No. 13-1238 ADM/LIB

---

Stephanie M. Balmer, Esq., Falsani, Balmer, Peterson, Quinn & Beyer, Duluth, MN, on behalf of Plaintiff.

Nick D. Campanario, Esq., St. Louis County Attorney's Office, Duluth, MN, on behalf of Defendant.

---

## I. INTRODUCTION

On November 22, 2013, the undersigned United States District Judge heard oral argument on Defendant St. Louis County's (the "County") Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 15].[2] Plaintiff Sharon Scheer opposes the motion. For the reasons set forth below, Defendant's motion to dismiss is granted, and the Amended Complaint [Docket No. 10] is dismissed without prejudice.

## II. BACKGROUND

On May 24, 2013, Scheer filed the original Complaint [Docket No. 1] in this action against St. Louis County Social Services. Thereafter, Scheer learned that no entity named "St.

---

[1] This Order amends the November 25, 2013 Order [Docket No. 23] to include the addition of the proper judgment language in Section IV.

[2] The parties stipulated to the dismissal of Count 3 of the Complaint, as well as the dismissal of St. Louis County Social Services as a defendant in this action.

Louis County Social Services" existed, and thus amended her Complaint to add St. Louis County as a defendant. See Pl.'s Mem. Supp. Am. Compl. [Docket No. 6].

The Amended Complaint, like the original Complaint, offers very little substance as to what misconduct Scheer alleges. Scheer began working as a receptionist for the County in 1998, and thereafter became a Financial Worker for the County's Social Services office. Am. Compl. ¶ 12. In very vague terms, Scheer alleges St. Louis County "agents and employees subjected [Scheer] to sexual harassment, discrimination, a hostile work environment, retaliation, and reprisal because of her gender." Id. ¶ 15. Scheer also alleges she "repeatedly complained of and opposed" the alleged misconduct, but the County continued to "retaliate and commit reprisal" against her. Id. ¶ 16. Thus, Scheer alleges, she was constructively discharged by the County in March 2010 when she resigned her position. Id. ¶¶ 18-19. Based on these allegations, Scheer states claims for: (1) sex discrimination in violation of Title VII and the Minnesota Human Rights Act (MHRA); and (2) retaliation and reprisal in violation of Title VII and the MHRA.

### III. DISCUSSION

Rule 12 of the Federal Rules of Civil Procedure states that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court construes the pleadings in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (citation omitted). However, Rule 12, working in combination with Rule 8, requires the plaintiff's factual allegations to "raise a right to relief above the speculative level," and push claims "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the complaint must establish more than a "sheer

possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The ruling court "must not presume the truth of legal conclusions couched as factual allegations," and should "dismiss complaints based on 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" Hager v. Ark. Dept. of Health, --- F.3d ----, 2013 WL 6038991, at *2 (8th Cir. 2013) (quoting, in part, Twombly, 550 U.S. at 555).

Scheer's Amended Complaint is a textbook example of claims based on labels and conclusions. Nowhere in the Amended Complaint does Scheer state a single factual allegation regarding discriminatory conduct, harassment, a hostile work environment, retaliation, or reprisal. Instead, the Amended Complaint simply repeats these legal terms several times in a conclusory manner. To satisfy Rule 8 pleading standards, discrimination and retaliation claims need not identify offending individuals by their full names. Nor do such claims require exact dates of conduct. But Scheer's allegations are so lacking in factual detail they do not give the County any meaningful notice as to its alleged misconduct. The Court has no choice but to find the Amended Complaint's allegations insufficient as a matter of law.

In addition, the Amended Complaint lacks even formulaic recitations of claim elements. For example, with regard to her discrimination claim, Scheer does not allege she was meeting her employer's legitimate expectations at the time of her alleged constructive discharge. See Johnson v. AT&T Corp., 422 F.3d 756, 761 (8th Cir. 2005) (listing prima facie elements of Title VII discrimination claim). Similarly, Scheer does not allege even a basic time frame for her retaliation claim. Without reference to when she committed any protected activity, it is impossible to determine whether engaging in protected activity may have led to her discharge. See Cross v. Cleaver, 142 F.3d 1059, 1071 (8th Cir. 1998) (listing elements for retaliation claim

under Title VII). As a general matter, Scheer has failed to offer any factual support for her claims, so it is impossible to draw reasonable inferences in her favor which might compensate for lacking elements.

At oral argument, Scheer's counsel requested leave to file a second amended complaint. Based on counsel's very limited proffer, this request will be denied. Although the Court has significant doubts Scheer will be able to support her claims with factual allegations sufficient to satisfy Rule 8 pleading standards, the matter will be dismissed without prejudice.

## IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss [Docket No. 15] is **GRANTED**;

2. All claims alleged in the Amended Complaint [Docket No. 10] are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 26, 2013.